**In the Matter of Milton L. WADE, Debtor.**

**Lia M. ANGELES, Plaintiff,**

v.

**Milton L. WADE, Lucy K. Wade, and Stephanie Cates-Harmon, as Trustee, Defendant.**

**Bankruptcy No. 83–893–Bk–T.**

**Adv. No. 83–717.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 6, 1984.

Marshall G. Reissman, St. Petersburg, Fla., for plaintiff.

Jary C. Nixon, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding which was originally commenced by Lia M. Angeles upon a Complaint to Determine Dischargeability of Debt, to Recover a Preferential Transfer and to Avoid a Transfer and to Avoid a Transfer as Fraudulent.

The original complaint was filed against Milton L. Wade, The Debtor, Lucy K. Wade, and Stephanie Cates-Harmon, as Trustee.

On December 5, 1983, this Court scheduled a hearing to consider several motions including a motion to consolidate, a motion to file an amended answer and application filed by the Defendant, Milton Wade, who sought to remove a certain civil action which was then pending in the Pinellas County Circuit Court. At the conclusion of the hearing, this Court entered an Order and dismissed the original complaint without prejudice and granted leave to file an amended complaint. The Court denied all other motions which were then pending, on the ground they were rendered moot.

On December 30, 1983, and within the time fixed by the Order of Dismissal, the Plaintiff filed an Amended Complaint in which she named only Milton L. Wade as defendant, who was and still is a debtor in a Chapter 7 liquidation case. The Amended Complaint consists of four counts and seeks a determination that the liability of the Defendant to the Plaintiff should be declared to be non-dischargeable by virtue of § 523(a)(6) in that, as alleged in the Complaint, the Defendant did willfully and maliciously injure the person of the Plaintiff. In each Count the Plaintiff sought not only a determination of non-dischargeability, but also an award of compensatory and punitive damages as well fees and costs against the Defendant. All of the Counts in the Complaint basically reallege the operating facts of a claim of non-dischargeability and seek the identical relief set forth in Count I of the Amended Complaint.

In due course, the matter was set for a pre-trial conference at the conclusion of which this Court scheduled this case to be tried on May 16, 1984. On May 16, 1984, the Court issued an Amended Notice of Hearing and rescheduled the Final Evidentiary Hearing for August 30, 1984.

The claim of non-dischargeability is based on the allegation of the Plaintiff that the Defendant willfully and maliciously injured her person by beating and assaulting her, thereby causing grievous bodily injuries. In defense, the Defendant asserts that, although he might have attacked her, he attacked in self-defense and in fear of his life. At the commencement of the case it was stated by Counsel for the Plaintiff that they desire to proceed only to determine the character of the liability. Thereafter, the Plaintiff intends to remand the State Court case in order to complete the matter by trying the question of damages before a jury in the State Court. The Court indicated that it is willing to bifurcate the proceeding without ruling on the Motion to Remand or deciding whether to permit the issue of damages to be tried in the State Court in case the Plaintiff prevails on the question of dischargeability.

The facts relevant and germane to the claim of non-dischargeability as developed at the trial and as appear from the record can be briefly summarized as follows:

Lia M. Angeles, the Plaintiff, is a police officer who was at the time relevant and is still employed by the City of Belleair Bluffs, Florida. It appears from the record that on July 28, 1982, at a few minutes before 9:00 p.m., the Plaintiff was patrolling alone in her cruise car near the intersection of Indian Rocks Road and West Bay, which is located in Belleair Bluffs, Florida. As she approached the intersection, she observed a step-up van cross the center line and make an illegal right turn at the intersection which is controlled by a traffic signal. She proceeded to turn on the flashing lights, and directed the operator of the van, who later turned out to be the Defendant, to pull the van over to the side of the road. He did comply, and thereafter, she asked the Defendant to produce his driver's license and registration. The driver produced the license, and exited from the van with a large dog which the defendant conceded is a German Shepard-Box mix. While they were standing in front of the police cruiser, the Plaintiff went to the cruiser to do a radio check and write a citation. However, because the Defendant followed her to the cruiser, she

became apprehensive and radioed for assistance in order to obtain a witness to the preparation of the traffic citation.

Of course the evidence is in total conflict as to what happened first, but this Court is satisfied that the Defendant did, without justification, attack the Plaintiff. The Court is further satisfied that in order to prevent the Defendant from grabbing the officer's service revolver and possible inflicting serious, if not fatal injuries, she fired the gun into the air. While the Defendant was dragging her, they fell to the ground. The Defendant struggled with the Plaintiff and with one hand attempted to get the gun while beating her with the other hand. A bystander who observed the incident, came to the rescue and attempted to pull the Defendant from the Plaintiff, however, because of the size and apparent intensity of the Defendant, the bystander was unsuccessful and it was only after the back-up officer arrived that they were able to restrain the Defendant. The Defendant was thereafter placed under arrest and taken to the police station at which time he was booked, searched and placed into custody.

Based on these facts, it is the contention of the Plaintiff that the Defendant is liable to her as a result of the assault, and since it was done willfully and maliciously, the liability should be declared to be non-dischargeable by virtue of § 523(a)(6) of the Bankruptcy Code.

A claim of non-dischargeability based on § 523(a)(6) of the Code excepts a debt from discharge if it is established with competent evidence that the Debtor did in fact willfully and maliciously injure the person or the property of another. While the threshold question is whether or not the Debtor is, in fact, liable to the Plaintiff at all, the evidence in this case is absolutely clear and this Court is satisfied that the Defendant is liable to the Plaintiff for whatever injuries she might have suffered as a result of the attack described earlier. The second question is whether or not this liability shall be declared to be non-dischargeable. Again, the evidence is clear

and this Court is satisfied that the acts committed against the person of the Plaintiff were done willfully and intentionally with the requisite intent contemplated by § 523(a)(6) of the Code and therefore, the Plaintiff did carry the burden of proof with the competent evidence to establish a claim of non-dischargeability.

A separate final judgment will be entered in accordance with the foregoing.